## ED. H. HARRELL v. JOHN H. BROOCKS.

Decided November 18, 1908.

**1.—Evidence—Charge.**

A fact admitted by the plaintiff in his testimony may be treated by the court as settled against him.

**2.—Unrecorded Deed—Notice—Agency.**

Where the agent who negotiated for the vendee a purchase of land had knowledge of a previous unrecorded conveyance by the vendor of the timber thereon to another, the purchaser was taxed with notice thereof and took subject to the rights of the first purchaser to the timber.

**3.—Harmless Error.**

Errors by the trial court in rulings not affecting a question which is decisive of the case and requires an affirmance, are harmless and immaterial on appeal.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*T. H. Stone* and *T. C. Ford,* for appellant.—Whether or not Banks was the agent of Harrell in the purchase of the land in controversy depends upon certain facts the evidence of which was conflicting, and same should have been submitted to the jury for its determination. Planters' Ins. Co. v. Lyons, 38 Texas, 268; Meachum on Agency, pars. 84, 85, 106; Wilcox v. Hines, 66 Am. St. Rep., 761; Robinson v. Easton, Eldridge & Co., 93 Cal., 80; McNamara v. McNamara, 62 Ga., 200.

*Greer, Minor & Miller* and *K. B. Seale,* for appellee.—Appellant admitted that when the draft drawn on him by Banks for the purchase price of the land was presented to him for payment, with the deed for the land attached, he knew that he was buying the land from Shelby and wife, and that Banks had made the trade for him; and, this being true, the law charged him with the notice given to Banks of Broocks' prior deed to the timber. Bank v. Cruger, 91 Texas, 451; Gulf, C. & S. F. Ry. Co. v. Huyett, 92 S. W., 614; Goldsmidt v. Wightman, 99 S. W., 737; Henderson v. San Antonio & M. G. R. Co., 17 Texas, 575; Texas Consol. Comp. Co. v. Dublin Comp. Co., 38 S. W., 407; Mechem on Agency, sec. 148; Meehan v. Forester, 52 N. Y., 279; Kelley v. Newburyport, 141 Mass., 499; Aultman Thresh. & Eng. Co. v. Knoll, 79 Pac., 1074; Field v. Campbell, 72 N. E., 260; Bush v. Wilcox, 21 Am. St. Rep., 563; Fitzsimmons v. Joslin, 52 Am. Dec., 54; Johnston Harvester Co. v. Miller, 16 Am. St. Rep., 541; Fowlds v. Evans, 54 N. W., 744.

FISHER, CHIEF JUSTICE.—This is a suit by appellee Broocks against appellant Harrell and several other parties named as defendants, to recover the timber on the tract of land in controversy, sold by Robt. P. Shelby and wife to appellee. All of the defendants in the court below are out of the case except appellant Harrell, and as to him the trial court instructed the jury to return a verdict for the plaintiff.

The facts, so far as necessary to be stated, are as follows: On July 15, 1905, Robt. P. Shelby and wife conveyed to appellee Broocks the timber standing on the 640 acres of land in controversy, known as the Stephen Williams survey. Thereafter Shelby and wife by deed conveyed the land in question to appellant Harrell. This sale and conveyance to Harrell was negotiated and procured by one J. O. Banks, who at the time knew of the existence of the previous deed executed by Shelby and wife to appellee Broocks conveying the timber. In the deed so procured by Banks appellant Harrell was named as vendee, and for the purchase price, the amount agreed to be paid Shelby and wife, the sum of $2,000, a draft was drawn on Harrell, which draft, together with the deed, was sent and delivered to Harrell, who paid the draft. The deed from Shelby and wife to Broocks was not of record before the second conveyance was executed to Harrell. There is evidence in the record which would justify the conclusion that Harrell himself had no actual knowledge of the existence of the prior conveyance to Broocks.

The question in the case is as to whether Harrell should be charged with knowledge as to the existence of the conveyance from Shelby and wife to Broocks. The question may arise from the facts whether or not Banks was the agent of Harrell at the time he negotiated the trade with Shelby and wife and procured the deed to Harrell, but it is clear from the admissions of Harrell, as shown in his cross-examination, that he expected Banks to purchase this land for him, and that he knew when he paid the purchase price and received the deed from Shelby that the trade had been made and the conveyance executed for his benefit by and through the efforts of Banks. Therefore, we are of the opinion that the trial court properly instructed a verdict in favor of appellee, upon the theory that the knowledge possessed by Banks would be imputed to the appellant. He would not be permitted to accept the benefits of the transaction that arose through the personal efforts of Banks without also being charged with knowledge of the vice in the title known to Banks.

This relieves us of the necessity of passing upon the remaining assignments of errors, for if it be conceded that the assignments of errors which complain as to the admissibility of certain evidence are well taken, the error would be harmless. That evidence could be excluded and in nowise affect the conclusion reached by the trial court and this court. The disposition of the case is, in the main, based upon the admissions of the appellant himself, and the undisputed fact that Banks knew of the existence of appellee's title.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*